CHARLES F. DEMENT and others, Adms. of GEO. DEMENT, *against* EDWARD N. STONESTREET, Adm. of CATHARINE STONESTREET.

In a suit brought by appellee, to recover for the use and occupation by appellants' intestate of a farm, in which the intestate of the appellee had an undivided interest, the appellant offered in evidence the proceedings of the orphans court, in the case of a reference of matters in dispute between one Nicholas Stonestreet, and the appellee's intestate and others, children of J. N. S., who died seized of the land, and from whom it descended to the appellee's intestate and the other children, and that the arbitrators had charged said N. S. the sum now claimed. The proceedings rejected, because *res inter alios acta.*

UPON appeal from Charles county court.

This suit was instituted August 1st 1846. The declaration contained two counts. The first alleged an accounting together, and the second count was for money had and received. Pleas, *non assumpsit, actio non accrevit infra tres annos,* and other pleas, of which no notice could be taken in the argument or decision of the case. Issues were joined upon all the pleas, and a verdict was rendered for the plaintiff.

Exceptions were taken by the defendants, and whether there was error in either of the opinions which they bring to this court, is now to be determined.

According to the testimony, to be found in the first exception, the intestate of the appellants used and occupied land belonging to the intestate of the appellee, and two other children, and heirs of one Joseph N. Stockett, and which land

he, (Dement,) purchased of Nicholas Stonestreet, who had no title thereto. The same he occupied two or three years. The plaintiff then proved by a competent witness, that as the agent of the guardian of the intestate of the appellee, he required of the intestate of the appellants, payment of the money due to the intestate of the appellee, for her interest in said land, the same being one-third of the value of said land. The amount was ascertained to be $240 or $250 per annum, and the intestate of the appellants agreed to pay her share of the rent, and this within three years before the institution of this suit. For this sum notes were to be given, and which were to be assigned to Nicholas Stonestreet, in part payment of a claim which he had against the estate of Joseph N. Stonestreet, the father of the appellee's intestate. The appellants' intestate died shortly after the agreement, and without having executed any note. There was proof that the claims before spoken of, which Nicholas Stonestreet had against the estate of J. Noble Stonestreet, had been adjusted.

The appellants having first offered to read to the jury the contract of Nicholas Stonestreet, to sell the land to the appellants' intestate, with sundry payments on account thereof, made by the latter to the former, which was rejected by the court; further offered to prove, that all matters in dispute between the estate of Nicholas Stonestreet and the children of Joseph N. Stockett, of whom the plaintiff's intestate was one, were, in 1842, by the orphans court, with the consent of the guardian of said children, and the administratrix of Nicholas Stonestreet, were referred to W. B. Stone and Peter W. Craine, esquires, who made their award in 1842. The defendant offered then to prove by P. W. Craine, that the arbitrators, in their settlement, allowed to the children of said Joseph N. Stonestreet, and charged the estate of N. Stonestreet with, the rents and profits of said land, up to the time of the death of the said Nicholas Stonestreet, and allowed the amount thereof to said Nicholas Stonestreet's estate, for the maintenance of the children of J. N. Stonestreet. In proof of these facts, (the contracts between N. Stonestreet and the appel-

lants' intestate, with receipts of N. Stonestreet for the money paid him; and also the proceedings of the orphans court, setting forth the reference, the award returned to court, and the ratification of it by the representatives of the estates of Nicholas and Joseph N. Stonestreet, (but no action of the court upon the award,) the appellants offered the original contract and authenticated copies of the order, and other proceedings, in evidence.

The appellee objected to the proceedings of the orphans court being read to the jury, and the court was of the opinion that the same were inadmissible. Because of this opinion the first exception was taken.

The appellants' second exception was taken, because the court refused to instruct the jury, that if they find from the evidence, (set forth in first exception, and, by agreement, made part of this,) that the defendant's testator agreed to execute his note to the guardian of plaintiff's testator, upon the understanding and in consideration that the said note should be assigned to the administrator of Nicholas Stonestreet, in order that the said testator might offset against the said note, the claims which he had against said Nicholas Stonestreet, then the plaintiff cannot recover, unless the said jury find there was an accounting together and acknowledgment of indebtedness, separate and distinct from said agreement.

·The appellants took a third exception, because the court, at the instance of the plaintiff, did instruct the jury, that if they find from the evidence, (the whole of it in the first exception,) that before any consideration or agreement about a note, the defendant's intestate had acknowledged his liability to the plaintiff, and promised to pay the amount, then the plaintiff is entitled to recover, although they should find from the evidence, that after such acknowledgment of liability and promise to pay, it was agreed upon, in the same conversation between the witness, (agent for the guardian,) and defendant, at the suggestion of witness, that a note should be given for the amount, and which note should be assigned to the admin-

istrator of Nicholas Stonestreet, unless they further find from the evidence, that the note spoken of was in fact afterwards executed, in conformity to the agreement, by said Dement, which instruction the court gave, except the following part: "unless they find from the evidence, that the said note spoken of was in fact afterwards executed, in conformity to the agreement, by said Dement."

This case was argued before Le Grand, C. J., Eccleston and Tuck, J.

By *Stone* and *Brent* for the appellants, and *Causin* for the appellee.

*Stone* said, that although the declaration contained two counts, the appellee could succeed only on the *insimul computasset* count.

With respect to the second exception, in order to support the count, there must be a clear admission of a subsisting claim, and consideration also is necessary. 1 *Steph. Nisi Prius*, 360, 361. A single item will not do. *Ibid., Chit. on Contracts*, 648.

There must be some prior transaction, and a mere special agreement will not avail. The testimony shows a special agreement. There was certainly no obligation to pay the rent or interest to one of the heirs of Joseph Stockett. The promise that the note, when given, should be assigned to N. Stonestreet, was a good inducement to the party to give the note. *Chit. on Contracts*, 648. *Ch. on Pl.*, 46. We are now to give to this agreement the same construction as if the note had been given. *Hopkins vs. Logan*, 2 *Meeson and Welsb.*, 245.

2 *H. & J.*, 175. Future time will not support the count. 7 *G. & J.*, 28, *Coale and Hebb.* The difference between the admissibility of testimony and its sufficiency.

The first exception presents the question, whether an arbitrator can be examined touching the matters included in the award. 4 *Esp. Rep.* 180. Parol evidence is admissible.

The third exception, very similar to the second.

*Causin* for the appellee.

The note never was given; of course it is out of the question.

He referred to 1 *Saund. on Plead. and Ev.*, 32.   *Mitchell vs. Mitchell*, 11 *G. & J.*, 392.   *Green on Ev.*, secs. 126, 127. *Chit. on Contracts*, 47.

An acknowledged liability cannot be controled by any subsequent declaration.   11 *G. & J.*, 392, 394.   8 *G. & J.*, 389.

The only real question here is, as to be rejection of the testimony in regard to the award.   There is no plea of set-off—no plea of accord and satisfaction relied on.   11 *G. & J.*, 297.   1 *Saund. Pl. and Ev.*, 26, 29.   No plea of payment.   2 *Saund. Pl. and Ev.*, 713.

The award is between other parties.   Dement, the appellants' intestate, was no party to it.   Being *res inter alios acta*, it cannot bind these parties.   3 *G. & J.*, 450.   9 *G. & J.*, 439.

Evidence to explain a writing.   1 *Green.*, 279, 288.   12 *G. & J.*, 459, 463, 468.   Arbitrators are not allowed to testify as to items.

As to the submission:   5 *G. & J.*, 422.

The appellee's intestate was a minor when the reference was made, and cannot be bound by an award.   *Kidd on Awards*, 35.

No evidence of an approval of the award.

*Stone* for appellant.

Accord and satisfaction may be given in evidence under the general issue.   2 *H. & G.*, 478.   *Agnew vs. Bank of Gettysburg*.

If appellee's intestate was a minor at the time of the reference, she ratified it after she became of age, by her agent, and this makes it a valid award.

*Brent* for appellants.

The first exception is to the ruling out of all the evidence offered by defendant, except the written contract between

Nicholas Stonestreet and defendant's testator. It certainly was competent for the defendants to prove the receipt of the purchase money by Nicholas Stonestreet for the land of plaintiff's intestate, and the subsequent reference to arbitrators of all matters in difference between the estates of Joseph N. Stonestreet, (the father of plaintiff's intestate,) and of Nicholas Stonestreet and the award thereon, crediting to the plaintiff's intestate the very money which is now sued for.

Certainly this award was evidence, because if Catharine Stonestreet was a party to the award and bound by it, she had thereby received full satisfaction for this very claim from Nicholas Stonestreet, the very party who had received our money and who, "*ex equo et bono,*" was bound to pay the money over to the heirs of Joseph N. Stonestreet. Now it will be observed, that the reference is made by the consent of F. Neale, who had already been proved, by W. B. Stone's deposition, to have been the guardian of Catharine Stonestreet.

Certainly if we had been allowed to introduce this evidence as part of our case, we might then have gone on and shown by subsequent evidence, that F. Neale did, in his guardian's accounts, settle this very claim according to the terms of the award, so as entirely to absolve all persons from any further claim by the ward. Or we might have subsequently proved that the ward, Catharine Stonestreet, had herself, when of full age, ratified this very award. On this point it will be observed, at the bottom of page eight, that F. Neale ratified this award as agent of Catharine, and if it had been introduced in evidence, we might have shown an express authority so to ratify it.

The second exception claims, that by law the plaintiff cannot recover, if the defendant's testator promised to pay by giving his note for a special purpose, so that it might be assigned to his debtor, and thus extinguished by set-off. In such a case the agreement was special, and defendant's testator could only be called on to give his note, and if he re-

fused, the declaration must be on the special agreement. See *Coursey vs. Covington,* 5 *H. & J.,* 47, 50.

Unquestionably the defendant's testator could not be sued in assumpsit for the tortuous use, and occupation of the real estate belonging to the heirs of Joseph N. Stonestreet. *Stockett vs. Watkins,* 2 *G. & J.,* 339, and his special promise must be declared on specially.

*3rd Exception.* The vice in the ruling of the court is, that it segregates one part of the conversation and denies all effect whatever to the final agreement concluded on by the parties in the same conversation, (which was a special agreement.)

ECCLESTON, J., delivered the opinion of the court.

J. Noble Stonestreet died intestate, seized of real and personal estate, leaving three children, the testatrix of the appellee being one of them.

Evidence was given for the purpose of sustaining the plaintiff's claim, under the *insimul computasset* count. The defendants, (the appellants,) then offered to prove, that in 1832, Nicholas Stonestreet was appointed administrator of J. N. Stonestreet, and died in 1838. That in September 1833, the said N. Stonestreet entered into a contract with the defendants' testator, agreeing to sell him the farm of the late J. N. Stonestreet. That part of the purchase money was paid. And after the death of N. Stonestreet, all matters in controversy between his estate and the children of J. N. Stonestreet were referred, under an order of the orphans court, with the consent of F. Neal, as guardian to the children, and the administratrix of N. Stonestreet. Under this reference an award was made, a certified copy of which was offered in evidence. The defendants then proposed to give evidence, by one of the arbitrators, for the purpose of shewing, that by the award, the plaintiff's testatrix had been allowed, as a set-off against the claim of N. Stonestreet, the money which in this action is sought to be recovered from the estate of George Dement. Upon the objection of the plaintiff, the court refused to admit the award, and also the testimony of the arbitrator; which refusal is the ground of the first exception.

The copy of the award is certified by the register of wills, as having been taken from the records of his office, but there is no evidence whatever that it was approved by the court. The want of this approval, it has been contended, is dispensed with, because the parties have ratified the award. The ratification here alluded to, is in the following words: "We, the undersigned, hereby agree and consent, that the within award be finally ratified and confirmed by the court, offering no objection whatever to the same." This is signed by Francis Neal, as agent for Catharine Stonestreet, and by other persons.

In argument, many objections were urged against the propriety of receiving this evidence. The want of a proper ratification of the award, we consider sufficient to justify its rejection. When arbitrators, appointed under an order of the orphans court, have made their decision and reduced it to writing, with their names and seals regularly affixed, it is still void of any effect as an award, if not ratified by the court; unless, perhaps, such defect may be cured by the act of the parties. Act of 1834, ch. 228, sec. 2. In the present instance, however, the name of the plaintiff's testatrix is not signed by herself, but by one professing to be her agent; when there is an entire absence of any proof of his authority to act for her. But it has been contended, that the award should have been admitted to go to the jury; because the defendants might then have shewn that Catharine Stonestreet, herself, had sanctioned or confirmed it, after arrival at age, or that she constituted F. Neal her agent for that purpose. This we cannot assent to; for the reason that awards, like other instruments of writing which are to be used in evidence, must first be shewn, by *prima facie* proof, at least, to have all the formalities requisite to give them legal existence. In the case of *Trasher vs. Everhart*, 3 G. & J., 243, the Court of Appeals recognize the doctrine, that when a deed or other instrument of writing is produced, the first step to be taken is, to prove to the court its execution, and then it will be admitted in evidence. But in case the preliminary proof creates a doubt as to the execution, then the court will let the instru-

ment go to the jury, with the evidence on the point of execu-
tion, with an instruction, that if they believe it was executed,
they are to receive it as evidence, otherwise they must reject
it.   The argument on the part of the defendants concedes,
that there was no proof of any confirmation of the award by
the orphans court, and none offered as to the agency of F.
Neal.   The court below, therefore, could not do otherwise
than reject the award.   And such a rejection, necessarily,
rendered the testimony of the arbitrator inadmissible, that
being designed to prove what was allowed in the award.

In the argument of one of the defendant's counsel it is
said, the court erred in rejecting the testimony offered to prove
the receipt of the purchase money by Nicholas Stonestreet,
for the land of plaintiff's testatrix.

In stating the testimony offered by the defendants, the con-
tract in regard to the sale of land between N. Stonestreet and
G. Dement, is set forth, together with the receipts endorsed
thereon.   It likewise appears they offered to prove that their
testator paid to said Stonestreet the payments endorsed on
the contract.   The exception shews that all the evidence
offered by the defendants was rejected by the court, except
the said contract and the receipts endorsed upon it; which
were not objected to by the plaintiff's counsel.   The proof of
those payments, so rejected, was not relevant to the issue.
N. Stonestreet had no authority to sell the land owned by the
children of J. N. Stonestreet.   And therefore, payment of the
purchase money, or part thereof, to him by Dement, could be no
bar to the claim of the plaintiffs' testatrix.   Her land had
been held and used by Dement for two or three years under a
contract of sale, which could give him no title whatever.
With a knowledge of the circumstances, after the payments
made under the sale, he acknowledged his liability to the
plaintiffs' testatrix, and promised to pay.   This promise,
it has been contended was qualified by an agreement in
regard to the giving of a note and assigning it, which
defeated the plaintiffs' right of recovery in this action.
But it will be seen in the second and third exceptions,

that the court did not sustain this view of the matter, and we are not disposed to reverse their decisions; assuming however, that proof of the payments was proper on the part of the defendants, they had the benefit of it, in the receipts which were admitted in evidence without objection.

At June term 1850, in a suit in which Edward N. Stonestreet was plaintiff, and the appellees in this case were defendants, the Court of Appeals decided, that the testimony was pertinent to one of the issues, and should have been submitted to the jury. The evidence on which this opinion was founded, is precisely the same as that which is presented for our consideration by the prayers in the second and third exceptions, with the following additional statement by the witness, W. B. Stone. "In my testimony, as stated in the record, there is an omission of the consideration of the assignment of Dement's notes to Col. Stonestreet's admx., in said testimony mentioned. The facts omitted are, according to my recollection, that Mr. Dement had claims against Col. Stonestreet's estate, growing out of the private sale spoken of. Col. Stonestreet's administratrix had claims against the guardian of Noble and Catharine Stonestreet, to a large amount, to settle these claims against said guardian, *pro tanto*, and to enable Mr. Dement to settle, also, his claims against Col. Stonestreet's estate, were the causes and considerations of the agreement to assign the notes, when given, as mentioned. Since that time I believe all claims of Col. Stonestreet's administratrix, against the said guardian, were closed and settled."

The nar in the former case contained two counts only, one for money had and received. The other on an *insimul computasset*. In this suit the nar likewise has two similar counts and none other.

We do not perceive that the additional testimony mentioned above, can have any material influence or effect upon the question submitted to us by the prayer of the defendants. And if the Court of Appeals were right in deciding that the testimony in the other case was pertinent to the issue, it is

difficult to see how the court below could have given the instruction asked for in the second exception. The court are there called upon to say to the jury, that if they should find from the evidence that the defendant's testator agreed to execute his note to the guardian of plaintiff's testatrix, upon the understanding, and in consideration, that the said note should be assigned to the administrator of Nicholas Stonestreet, in order that the said testator might off-set against said note the claims which he had against said Nicholas Stonestreet, then the plaintiff could not recover, unless the jury should find there was an accounting together, and acknowledgment of the indebtedness, separate and distinct from said agreement.

To authorise the opinion given by the appellate court, they must have assumed, that if the jury should believe the testimony of Wm. B. Stone, in relation to the conversation between him and George Dement, the same was "legally sufficient" to prove such an acknowledgment of indebtedness on his part as would support the claim of the plaintiff, notwithstanding the arrangement as to the giving of the note, and the assignment thereof. The issue to which the court said the testimony was pertinent, must of course have been that of the *insimul computasset*. The whole of the evidence upon the point under consideration, comes from a single witness, and arises out of one conversation. There is therefore no conflicting testimony or contrariety of proof from which the jury might be called upon to draw different conclusions or inferences. The Court of Appeals having virtually said there was no such special agreement as would prevent the plaintiff from recovering in the former suit, upon the *insimul computasset* count, how could the court below grant the prayer of the defendants? It is based upon the hypothesis that the testimony is sufficient to prove such a special agreement, as will preclude the plaintiff from recovering, unless he can shew an accounting and acknowledgment, separate and distinct from said agreement. And this, notwithstanding the decision that the same testimony is pertinent to the *insimul*

*computasset* count. We therefore think the prayer of the defendants was properly refused.

In the third exception, the court instructed the jury that if before any consideration or agreement about a note, the defendant's intestate acknowledged his indebtedness to the plaintiff and promised to pay the amount, the plaintiff was entitled to recover, notwithstanding that after such acknowledgment and promise, it was agreed in the same conversation, at the suggestion of the witness, that a note should be given for the amount, and that said note when given, should be assigned to the administrator of N. Stonestreet.

From what has been said in relation to the second exception, it necessarily follows, that we concur with the court below in this.

*Judgment affirmed.*